UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
FAT BRANDS INC.,                                             :
                                                             :
                                        Plaintiff,           :
                                                             :            26 Civ. 3371 (LGS)
                   -against-                                  :
                                                             :         **OPINION & ORDER**
ALAGNA ADVISORS LLC,                                         :
                                                             :
                                        Defendant.           :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Defendant Alagna Advisors LLC moves to transfer venue to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Texas Bankruptcy Court"). Plaintiff FAT Brands Inc. does not oppose the motion.

As an initial matter, a district court may transfer a case only to another federal district court and not directly to another district's Bankruptcy Court. *See* 28 U.S.C. § 1404(a) (authorizing transfer only to another "district or division"); 28 U.S.C. § 157(a) (authorizing referral of bankruptcy-related matters only to bankruptcy judges for the same district). This Opinion & Order thus construes references to transfer to the Texas Bankruptcy Court to mean transfer to the United States District Court for the Southern District of Texas, Houston Division. For the reasons below, Defendant's motion to transfer venue is granted.

I.      BACKGROUND

        A.      Allegations

Plaintiff is a global franchising company which owns various restaurant brands, including the brands Twin Peaks and Fazoli's. Defendant is an investment advisory firm. The Complaint alleges that Plaintiff sells bonds through its operating subsidiaries and, over the last several

years, has sold millions of dollars' worth of bonds to Defendant.  The Complaint alleges that in June 2025, the parties agreed to swap bonds issued by Twin Peaks and already held by Defendant for different bonds issued by Fazoli's.  The agreed-upon transaction consisted of two parts:  (1) a sale by Defendant to Plaintiff of $6,389,930.56 worth of bonds issued by Twin Peaks (the "Twin Peaks Trade") and (2) a sale by Plaintiff to Defendant of $6,389,307.89 worth of bonds issued by Fazoli's (the "Fazoli's Trade").

The Complaint alleges that on June 30, 2025, Plaintiff caused its broker to post both trades, but Defendant accepted only the Twin Peaks Trade and not the Fazoli's Trade.  That is, Defendant left Plaintiff with both sets of bonds and the obligation to pay Defendant for the Twin Peaks bonds.  The Complaint alleges that Plaintiff was unable to cancel its purchase of the Twin Peaks bonds, and on July 2, 2025, when the trade settled, Plaintiff wired the approximately $6.4 million purchase price of the Twin Peaks bonds to Defendant.

**B.      Procedural History**

On July 15, 2025, Plaintiff commenced this action against Defendant in the Supreme Court of the State of New York, New York County, asserting claims for breach of contract, unjust enrichment and promissory estoppel.  Defendant answered, asserting a counterclaim for breach of contract against Plaintiff.

On January 26, 2026, Plaintiff and certain of its subsidiaries and affiliates commenced Chapter 11 bankruptcy proceedings in the Texas Bankruptcy Court.  On April 23, 2026, Defendant removed this action from the New York state court to this Court pursuant to 28 U.S.C. §§ 1334(b) and 1452.  The Notice of Removal asserts that Plaintiff's claims are assets of Plaintiff's bankruptcy estate, while Defendant's counterclaim is a liability of Plaintiff's that has a

direct impact on Plaintiff's bankruptcy estate.  Accordingly, the parties' claims at a minimum

"relate to" Plaintiff's pending bankruptcy proceedings, and federal bankruptcy jurisdiction exists.

## II.    STANDARD

Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and

witnesses, in the interest of justice . . . transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have

consented."  "District courts have broad discretion in making determinations of convenience

under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case

basis."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *Ramjas v. Pub.

P'ship LLC*, No. 25 Civ. 10061, 2026 WL 1249324, at *2 (S.D.N.Y. May 5, 2026).  When

deciding a motion to transfer venue under Section 1404(a), "a court may consider:  (1) plaintiff's

choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and

relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of

operative facts, (6) the availability of process to compel the attendance of unwilling witnesses,

and (7) the relative means of the parties."[1]  *Nat'l Lab. Rels. Bd. v. Universal Smart Conts., LLC*,

166 F.4th 304, 316 (2d Cir. 2026).  "There is no rigid formula for balancing these factors and no

single one of them is determinative."  *Dow Jones & Co., Inc. v. Perplexity AI, Inc.*, 797 F. Supp.

3d 305, 334 (S.D.N.Y. 2025).

## III.    DISCUSSION

Both parties consent to transfer to the Southern District of Texas.  The appropriateness of

transfer thus hinges on whether transfer would be convenient and in the interest of justice.  *See*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

28 U.S.C. § 1404(a).  These considerations weigh in favor of transferring this action to the Southern District of Texas.

### A.     Convenience of Parties

The Southern District of Texas is a convenient forum for the parties.  When the parties agree on a particular forum, it stands to reason that the forum is convenient.  *Cf. Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 64 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses . . . .").  Plaintiff does not oppose the motion to transfer venue, Defendant contends that the dispute can then be resolved through the claims reconciliation process in the bankruptcy proceedings and the parties state that they will jointly seek a stay of this action in the Texas Bankruptcy Court once the action has been transferred.  These considerations weigh in favor of transfer.

### B.     Interest of Justice

Transfer to the Southern District of Texas is also in the interest of justice as that Court could refer the matter to the Texas Bankruptcy Court, where Plaintiff's bankruptcy proceedings are pending.  In the bankruptcy context, where "resolution of th[e] dispute could affect the rights and prioritization among creditors, the interests of justice overwhelmingly dictate transfer to the court overseeing the bankruptcy proceedings." *Del. Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 521 (S.D.N.Y. 2015); *see Bank Hapoalim, B.M. v. 225 Bowery LLC*, Adv. No. 23-1014, 2023 WL 2699476, at *4 (Bankr. S.D.N.Y. Mar. 29, 2023) ("When the outcome of a proceeding could conceivably affect the administration of a pending bankruptcy proceed[ing], it is proper to transfer the case to the district where the bankruptcy action is proceeding.").  Plaintiff's claims and Defendant's counterclaim may affect Plaintiff's bankruptcy estate and its administration.

Transfer would promote judicial economy by allowing the court overseeing Plaintiff's bankruptcy proceedings to manage and coordinate both the bankruptcy proceedings and the instant action.  These interest-of-justice considerations weigh in favor of transfer.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to transfer venue is **GRANTED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 11 and to transfer this action to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  May 22, 2026
       New York, New York

                             LORNA G. SCHOFIELD
                       UNITED STATES DISTRICT JUDGE